## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UYEN HERNANDEZ** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:16-CV-01029-XR** |
| | § | |
| | § | |
| **ALLSTATE VEHICLE & PROPERTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| *Defendant* | § | |

---

### PLAINTIFF UYEN HERNANDEZ'S FIRST AMENDED COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, Uyen Hernandez, to complain of Defendant Allstate Insurance Company (hereinafter "Defendant"). In support of her claims and causes of action, Plaintiff would respectfully show unto this Honorable Court as follows:

### JURISDICTION & VENUE

1. This Honorable Court has jurisdiction and venue is proper because (1) one or more acts or omissions forming the basis for liability occurred in Bexar County, Texas, (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and (3) Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

2. Venue lies in the U.S. Western District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff is an individual whose residence is located in Bexar County, Texas.

---

4.  Defendant is a company engaged in the business of selling insurance policies and adjusting insurance claims. This includes selling residential policy number 829622522 (hereinafter "the Policy") associated with claim number 0409520516 (hereinafter "Claim"), both of which apply to Plaintiff's residence at issue in the present case. Defendant has appeared and answered through counsel and is before this Honorable Court for all purposes.

## FACTUAL BACKGROUND

5.  This matter revolves largely around a first-party insurance dispute regarding the extent of damages and amount of loss suffered to Plaintiff's property. In addition to seeking economic and penalty-based damages from Defendant, Plaintiff also seek compensation from Defendant for damages caused by improper evaluation of the extensive losses associated with this cause.

6.  Plaintiff owns the Property, which is located at 619 Jamie Sue Drive, Converse, Texas 78109 (hereinafter "the Property").

7.  Prior to the occurrence in question, Plaintiff purchased the Policy from Defendant to cover the Property at issue for a loss due to a wind and hail storm, among other enumerated perils. The Policy was in effect and covered Plaintiff during the date of loss in question.

8.  Pursuant to Plaintiff's obligation as Policyholder, Plaintiff made complete and timely payments of all insurance premiums.

9.  On or around April 12, 2016, the Property suffered incredible damage due to a wind and hail storm. The Property's damage constitutes a covered loss under the Policy. This claim was reported to Defendant, and an inspection was scheduled and Defendant assigned and adjuster to inspect the Property. Defendant's adjuster wrongfully and intentionally ignored objective evidence of the wind and hail storm. Subsequently, Defendant intentionally and wrongfully refused to issue a full and fair payment for the covered loss as rightfully owed under the Policy.

10. Defendant and its representatives conspired to intentionally misrepresent the value of Plaintiff's claim as exhibited by Defendant's adjuster's method of investigation and estimation of Plaintiff's loss, all of which were conducted in such a way in order to intentionally minimalize and underpay the loss incurred by Plaintiff. Defendant's adjuster failed to fully quantify Plaintiff's losses and place Plaintiff in a pre-loss condition. Instead, Defendant and its representatives intentionally and knowingly conducted a substandard investigation of the Property. Defendant's intentional conduct to ignore the severe hail damage to Plaintiff's roof is an attempt to prevent Plaintiff from receiving benefits under the Policy that she is rightfully owed.

11. Defendant's initial investigation forced Plaintiff to bear her own cost and hire a public adjuster to create a proper estimate of the damages. On or around June 11, 2016, Plaintiff's public adjuster, Sovereign Adjusting Services, LLC, inspected the Property. Following this inspection, Plaintiff's public adjuster estimated the damage to the Property to be $26,163.43. Based on the investigation, Plaintiff's public adjuster recommended significant repairs to the roof, including but not limited to: an asphalt starter, which is required pursuant to IRC R905.2.4.1 and R904 to comply with the manufacturer specifications and warranty for a minimum wind rating of 90 miles per hour; removal of the roofing felt, which must be removed to properly inspect the roof deck; roof sheathing, which must be installed to comply with R602.3.1; removal and replacement of roof valley lining, which is required pursuant IRC R905.2.8.2 and R904.1; and removal and replacement of the furnace and turtle vents and roof and chimney flashing as soft metals cannot be reused under IRC 907.5. Additionally, Plaintiff's public adjuster recommended significant repairs to the Property's interior living room and one (1) bedroom, including but not limited to: repair and replacement of the 5/8" drywall; painting

and drywall texturing costs; and the costs associated with pack-in and back-back of Plaintiff's belongings.  Finally, for the work to be completed on the roof, Plaintiff's public adjuster's estimate included Occupational Health and Safety Association (OSHA) requirements.

12. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore, grossly undervalued all of the damages sustained to the Property. As a result of this conduct, Plaintiff's claims were intentionally and knowingly underpaid.

13. Defendant's adjusters acted as authorized agents of Defendant. Defendant's adjusters acted within the course and scope of their authority as authorized by Defendant. Plaintiff relied on Defendant and its adjusters to properly investigate, evaluate, and adjust the claim regarding the Property and to issue payments to fix such damage. To date, proper payments have not been made regarding this claim.

14. All conditions precedent to recovery by Plaintiff have been met or have occurred.

15. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such actions were done with the full authorization or ratification of Defendant and/or were completed in the normal and routine course and scope of employment with Defendant.

16. As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to the following causes of action.

## CAUSES OF ACTION

## COUNT ONE: BREACH OF CONTRACT

17. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

18. According to the Policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages and to pay Plaintiff's Policy benefits for the claim made due to the extensive damages caused by the wind and hail storm occurring on or around April 12, 2016. Defendant's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

19. As a result of the wind and hail storm that occurred on or around April 12, 2016, Plaintiff suffered extreme external damages. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits related to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff have suffered actual and consequential damages.

## COUNT TWO: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

20. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

21. Specifically, Defendant's assigned adjuster intentionally refused to acknowledge objective evidence of hail hits and damage to the Property in order to create a biased estimate. This failure to properly investigate was an attempt to prevent Plaintiff from receiving benefits under the Policy that they are rightfully owed.

22. Defendant and its representatives engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including, but not limited to:

   a.  Using or employing an act or practice in violation of the Texas Insurance Code (TEX. BUS. & COM. CODE § 17.50(a)(4));

b.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

c.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

d.  Hiring and relying upon a biased adjusters, in this case Defendant's assigned adjusters, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

23. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant, to its detriment. As a direct and proximate result of Defendant's collective actions and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff is entitled to. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages.

24. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

25. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show she is to be justly entitled by law and in equity

## COUNT THREE: VIOLATIONS OF THE TEXAS INSURANCE CODE

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

27. Specifically, Defendant's adjusters wrongfully misrepresented to Plaintiff that the damage to the Property was not severe, despite objective evidence and knowledge of hail damage to the Property.

28. Subsequently, Defendant maintained its position based on its unreasonable investigations that it would not offer a proper, fair, or equitable settlement of the claim despite knowledge of its liability to Plaintiff and despite receiving Plaintiff's public adjuster's estimate of the damages. Defendant failed to provide a prompt and reasonable explanation of this position.

29. Defendant and its assigned adjusters' actions constitute violations of the Texas Insurance Code ("Tex. Ins. Code"), Chapters 541 and 542, including but not limited to:

    a. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (Tex. Ins. Code § 541.060(a)(1));

    b. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    c. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    d. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

e.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

f.  Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

g.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

h.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§ 541.151(2)); and/or

i.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured (§ 542.058(a)).

30. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs, and attorney's fees. Because Defendant acted knowingly, Plaintiff asks for three times her actual damages. § 541.152.

31. For failing to comply with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as interest at the rate of eighteen (18) percent per annum of the amount of their claim as damages, together with attorney's fees. § 542.060.

## <u>COUNT FOUR: BREACH OF THE COMMON LAW<br>DUTY OF GOOD FAITH AND FAIR DEALING</u>

32. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

33. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear.

However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.*, 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

34. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Plaintiff is owed, and/or exemplary damages for emotional distress.

## COUNT FIVE: WAIVER & ESTOPPEL

35. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

36. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

37. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this Honorable Court.

38. For breach of contract, Plaintiff are entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorneys' fees.

39. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid

pursuant to the Policy, court costs and attorneys' fees. Plaintiff asks for three times Plaintiff's actual damages because Defendant acted knowingly and intentionally. TEX. INS. CODE § 541.152.

40. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorneys' fees. § 542.060.

41. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

42. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## ADDITIONAL DAMAGES & PENALTIES

43. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for treble damages under the Deceptive Trade Practices Act, as well as all provisions of the Texas Insurance Code. TEX. BUS & COM. CODE §17.50(b)(1).

## ATTORNEY'S FEES

44. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, Texas Deceptive Trade Practices Act, and TEX. CIV. PRAC. & REM.

CODE §§ 38.001-.005. Plaintiff thereby requests that the Court and jury award their attorney's fees and expenses.

## JURY DEMAND

45. Plaintiff demand a jury trial pursuant to FED. R. CIV. P. 8(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgement be entered against Defendant and that Plaintiff be awarded the actual damages, consequential damages, pre-judgment interest, additional statutory damages, post-judgment interest, reasonable and necessary attorney's fees, court costs and for all other such relief, general or specific, in law or in equity, whether pled or unpled within this First Amended Complaint.

For all reasons set forth above, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ J. Zachary Moseley*

MCCLENNY, MOSELEY & ASSOCIATES, PLLC
James M. McClenny
Texas Bar No. 24091857
Federal ID No. 2764142
J. Zachary Moseley
Texas Bar No. 24092863
Federal ID No. 2706476
Derek L. Fadner
Texas Bar No. 24100081
Federal ID No. 2973064
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2016 a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system and/or facsimile, pursuant to Federal Rule of Civil Procedure 5(b), as follows:

Thompson Coe Cousins & Irons, LLP
Eric K Bowers
Texas Bar No. 24045538
ebowers@thompsoncoe.com
Roger Dale Higgins
Texas Bar No. 09601500
rhiggins@thompsoncoe.com
Plaza of the Americas
700 North Pearl Street, 25th Floor
Dallas, TX 75201
Office No. (214) 871-8200
Facsimile: (2140 871-8209
***Counsel for Defendant***

*/s/ J. Zachary Moseley*
J. Zachary Moseley